Mr. Stephen W. Fisk Attorney Holiday Park, Park and Recreation District 217 South Nassau Street Venice, Florida 33595
Dear Mr. Fisk:
This is in response to your request for an opinion on substantially the following question:
 MAY THE HOLIDAY PARK, PARK AND RECREATION DISTRICT PARTICIPATE IN THE LOCAL GOVERNMENT SURPLUS FUNDS TRUST FUND?
Part IV, Ch. 218, F.S., comprising ss. 218.40-218.411, is the "Investment of Local Government Surplus Funds Act" (hereafter the Act). Section 218.40, F.S. It is the intent of the Act "to promote, through state assistance, the maximization of net interest earnings on invested surplus funds of local units of government, thereby reducing the need for imposing additional taxes." Section 218.401, F.S. See, ss. 218.403(3), F.S., defining "surplus funds" as "any funds in any general or special account or fund of a unit of local government which in reasonable contemplation will not be immediately needed for the purposes intended," and 218.403(5) defining "unit of local government" as "a county, municipality, school district, special district, or any other political subdivision of the state." (e.s.) Cf., s. 1.01(9), F.S. Section 218.405, F.S., creates the Local Government Surplus Funds Trust Fund (hereafter trust fund) which is administered by the State Board of Administration and composed of local government surplus funds deposited therein by units of local government under the procedures as set forth in the Act. See also, s. 218.411, F.S.
Pursuant to s. 218.407(1), F.S., the governing body, as defined by s. 218.403(2), F.S., must initially determine that it is in the interest of the unit of local government to deposit surplus funds into the trust fund. In addition, a resolution by the governing body must be filed with the State Board of Administration authorizing investment of its surplus funds in the trust fund, naming the local official responsible for deposit and withdrawal of the surplus funds and setting forth the approximate cash-flow requirements of the local government for the surplus funds to be invested. Upon the filing of the resolution, the State Board of Administration invests the surplus monies in the trust fund in the same manner and subject to the same restrictions as are provided in s. 215.47, F.S. Section 218.407(2), F.S. See, ss. 218.407(3), F.S. (power of units of local governments to hold funds in deposit accounts with banking or savings institutions or to invest monies as otherwise authorized by law not impaired by Part IV, Ch. 218, F.S.) and 665.104, F.S. (savings accounts as legal investments). See also, s. 218.409, F.S., concerning administration of the trust fund, and Ch. 19-7, F.A.C. (1984 Annual Supplement) setting forth rules and regulations governing the administration of the trust fund. Cf., s. 218.345(1), F.S., providing authority for special districts to invest surplus public funds, as defined in subsection (4), in enumerated investment vehicles. Subsection (1)(a) of s. 218.345 provides that "[t]he governing body of each special district shall, by resolution to be adopted from time to time, invest and reinvest any surplus public funds in its control or possession in . . . (a) The Local Government Surplus Funds Trust Fund, as created by s. 218.405." See, AGO 82-43.
The Holiday Park, Park and Recreation District was created by Ch. 81-441, Laws of Florida, as amended by Ch. 82-380, Laws of Florida, as a special taxing district and political subdivision of the State of Florida. Cf., s. 165.031(5), F.S., defining "special district" as a local unit of special government created pursuant to general or special law for the purpose of performing prescribed specialized functions, including municipal service functions, within limited boundaries. The business and affairs of said district are conducted and administered by a board of nine trustees. Section 3, Ch. 81-441. The board of trustees has the power and authority to, inter alia, levy a special assessment known as a "recreation district tax" against all taxable real estate situated within the district for the purpose of providing funds for the operation of the district. Section 7, Ch. 81-441. See also, ss. 15 and 16, Ch. 81-441. Pursuant to s. 10, the proceeds of the tax and the funds of the district are deposited in the name of the district in a bank or savings and loan association or building and loan association authorized to receive deposits of county funds, which depository is designated by resolution of the board of trustees.
While the enabling legislation for the Holiday Park, Park and Recreation District provides that the funds of the district are to be deposited in a bank or savings and loan association or building and loan association, Part IV of Ch. 218, F.S., and s. 218.345, F.S., provide limited statutory authority for special districts to invest their surplus funds, as defined therein, in the trust fund upon said districts' exercising their discretionary authority and submitting the resolution as described in s. 218.407, F.S. Thus, I am of the opinion that the Holiday Park, Park and Recreation District as a special district is authorized by the provisions of Part IV of Ch. 218 and s. 218.345 to participate in the Local Government Surplus Funds Trust Fund. This office has been advised that the State Board of Administration concurs in the foregoing conclusion.
In sum, it is my opinion that the Holiday Park, Park and Recreation District is authorized to participate in the Local Government Surplus Funds Trust Fund as provided in Part IV, Ch.218, F.S., and s. 218.345, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General